IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

*In re* RICHARD K. ARCHER and
RUTH E. ARCHER.,

2:24-CV-146-Z

**MEMORANDUM OPINION AND ORDER**

Before the Court is the United States's Motion for Leave to Appeal the Bankruptcy Court's Order Denying United States's Motion for Partial Summary Judgment ("Motion") (ECF No. 2). Having considered the Motion, briefing, and relevant law, the Court finds the United States satisfied its burden to appeal the Bankruptcy Court's Order under 28 U.S.C. § 158(a)(3) and the factors governing interlocutory appeals under 28 U.S.C. § 1292(b). Accordingly, the Court **GRANTS** the Motion.

**BACKGROUND**

Richard and Ruth Archer ("Debtors") filed Chapter 7 bankruptcy on February 24, 2017. ECF No. 1-8 at 2. Appellee, Kent Ries ("Trustee") is the Chapter 7 trustee. In the filing, Debtors described four parcels of real estate worth over $1.1 million and exempted them from the bankruptcy estate under the Texas Constitution, Article 16, Sections 50 and 51 and Texas Property Code Sections 41.001–.002. *Id.* at 12. These parcels are now in Debtors' probate estate. *Id.* Since filing, both Debtors have passed away, and the estate is now in bankruptcy. *Id.* at 2. Although the Debtors filed the bankruptcy proceedings in 2017, the Trustee has not yet distributed estate assets to unsecured creditors. As of September 2023, the gross value of the bankruptcy estate's remaining assets on hand totaled $467,374.00. *Id.*

The IRS has an undisputed priority unsecured claim against the estate for $255,692.98. *Id.* The IRS contends that 11 U.S.C. § 726 binds the Trustee but that the Trustee has disregarded this scheme. *Id.* The Trustee moved for a marshaling order with the Bankruptcy Court requiring the IRS satisfy its priority unsecured lien against the exempt, nonbankruptcy assets (particularly the land parcels) instead of the

bankruptcy assets. *Id.* The parties do not contest whether the parcels were properly exempted from the bankruptcy estate. *Id.*

The parties agreed to begin adversary proceedings under Part VII of the Federal Rules of Bankruptcy Procedure. After, the United States moved for summary judgment on the Trustee's motion to require the IRS satisfy its debts against the nonbankruptcy assets. *Id.* at 11. The United States's partial summary judgment motion invoked several arguments and included that the doctrine of marshaling is not applicable against the IRS. *Id.* at 12. The Bankruptcy Court denied the IRS's partial summary judgment motion and held that marshaling could apply against the IRS unless it would impose a sufficient undue burden on the IRS. *Id.* at 11–21.

The United States now moves for Leave to Appeal the Bankruptcy Court's Order Denying United States's Motion for Partial Summary Judgment ("Motion") (ECF No. 2). The United States only requests leave to appeal whether the Bankruptcy Court erred as a matter of law in holding that marshaling is not per se unavailable against the IRS. ECF No. 1-8 at 6. If granted leave, the United States plans to move to reverse the Bankruptcy Court's order denying summary judgment. *Id.*

### LEGAL STANDARD

Federal district courts have jurisdiction to hear appeals, with leave, from bankruptcy court interlocutory orders and decrees on cases referred to bankruptcy judges under 28 U.S.C. § 157. 28 U.S.C. § 158(a)(3). The U.S. Code stipulates no standard for how a district court should consider whether to grant leave or not. Therefore, district courts generally import the factors set forth for interlocutory appeals from a district court. *In re Highland Cap. Mgmt., L.P.*, No. 3:21-cv-879, 2022 WL 394760, at *3 (N.D. Tex. Feb. 9, 2022) (listing cases where district courts import the 28 U.S.C. § 1292(b) factors for an interlocutory appeal from a bankruptcy court order); *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) (assuming without deciding that the § 1292(b) factors apply); 28 U.S.C. § 1292(b) (laying out the factors). These factors are whether (1) a controlling question of law exists for which (2) there is a substantial ground for

difference of opinion (3) the resolution of which may materially advance the ultimate termination of the litigation. *See id.*

Courts only grant leave to file an interlocutory appeal when all three factors are satisfied. *In re Genter*, No. 3:19-cv-1951, 2020 WL 3129637, at *2 (N.D. Tex. June 12, 2020). Leave to appeal is "sparingly granted." *In re Hallwood Energy, L.P.*, No. 3:12-cv-1902, 2013 WL 524418, at *2 (N.D. Tex. Feb. 11, 2013) (quoting *Odle v. Wal-Mart Stores Inc.*, No. 3:11-cv-2954, 2013 WL 66035, at *2 (N.D. Tex. Jan. 7, 2013)). The district court has discretion to grant leave or not. *Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1156 (5th Cir. 1988). And this procedure functions as a "safety vale" to remedy erroneous bankruptcy court proceedings that may not yet be final. *In re Delta Servs.*, 782 F.2d 1276, 1271 (5th Cir. 1986).

**ANALYSIS**

Marshaling is an "equitable doctrine" that "rests upon the principle that a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." *Meyer v. United States*, 375 U.S. 233, 236 (1963) (quoting *Sowell v. Fed. Rsrv. Bank*, 268 U.S. 449, 456–57 (1925)). State law usually governs its application, but some courts have held that it may not be applied against the IRS. *See, e.g., In re Decker*, 199 B.R. 684 (B.A.P. 9th Cir. 1996); *United States v. Herman*, 310 F.2d 846, 848 (2d Cir. 1962) ("Nor will we subject the government to a requirement that it marshall [*sic*] assets in favor of junior lienors, as this would create an extreme burden on collection of the revenue, unauthorized by statute."). The United States contends that the Bankruptcy Court misapplied marshaling to the IRS in its denial of the United States's partial summary judgment motion and seeks an interlocutory appeal to parse the applicability of marshaling to the IRS.

First, whether marshalling may be imposed against the IRS is a controlling issue of law. A controlling issue of law for an interlocutory appeal is one that "could materially affect the outcome of the case." *In re Denar Rests., LLC*, No. 4:09-cv-616, 2010 WL 150161, at *12 (N.D. Tex. Jan. 14, 2010). This controlling issue must be a "pure question of law that the reviewing court could decide quickly and cleanly

without having to study the record." *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 673 (S.D.N.Y. 2011) (quoting *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005)). It is closely related to the requirement that the appeal will materially advance the final resolution of the litigation. *DuPree v. Kaye*, No. 3:07-cv-0768, 2008 WL 294532, at *2 (N.D. Tex. Feb. 4, 2008).

Here, the question of whether marshalling may be imposed against the IRS is a controlling issue of law. The question is controlling because if marshalling cannot be imposed against the IRS, then the Trustee's motion to require the IRS acquire its proceeds from the probate estate instead of the bankruptcy estate would be resolved. And no factual questions need resolved — it is a "pure" question of law. Because the question is controlling and purely legal, the United States satisfies this factor.

Second, a substantial ground for difference of opinion exists on whether marshaling may be imposed against the IRS. A substantial ground for difference of opinion exists if "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, [or] if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point" *In re Cent. La. Grain Co-op., Inc.*, 489 B.R. 403, 412 (W.D. La. 2013) (quoting *In re Hallwood Energy, L.P.*, No. 3:12-cv-1902, 2013 WL 524418, at *3 (N.D. Tex. Feb. 11, 2013)). Bald claims of bankruptcy court error or disagreement with applicable precedent do not render an issue one which has a substantial ground for difference of opinion. *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006); *see also* Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(B)*, 88 Harv. L. Rev. 607, 624 (1975) (explaining the standard "would require a trial court to believe that a reasonable appellate judge could vote for reversal of the challenged order").

Here, a substantial ground for difference of opinion exists. The Fifth Circuit has not directly held whether marshaling can be applied against the IRS. But the IRS points to other circuits that have: the Second and Ninth circuits. *See United States v. Herman*, 310 F.2d 846, 848 (2d Cir. 1962) ("Nor will we subject the government to a requirement that it marshall [sic] assets in favor of junior lienors . . . ."); *In re Ackerman*, 424 F.2d 1148, 1150 (9th Cir. 1970) ("We hold that a junior lienholder cannot invoke the

marshaling doctrine to prevent the United States from enforcing its tax liens against any property for which enforcement is authorized by the applicable federal statutes."); *Kovacs v. United States*, 355 F.2d 349, 351 (9th Cir. 1966) ("Also, to require the Government to pick out and foreclose only those liens which will create the least hardship on third parties, would impose a considerable burden on the revenue collection process.").

The United States also points to several district courts that have held the same. *See, e.g.*, *Northington v. United States*, No. MO-71-CA-86, 1972 WL 3194, at *4 (W.D. Tex. June 6, 1972); *United States v. Cohen*, 271 F. Supp. 709, 718–19 (S.D. Fla. 1967); *United States v. Eshelman*, 663 F. Supp. 285, 288 (D. Del. 1987; *First of Am. Bank v. Alt*, 848 F. Supp. 1343, 1351 (W.D. Mich. 1993). In contrast, the Trustee and the Bankruptcy Court invoked another bankruptcy decision affirmed by a district court. *In re Szwyd*, 394 B.R. 230 (Bankr. D. Mass. 2008), *aff'd*, 408 B.R. 547 (D. Mass. 2009). *In re Szwyd* read the previous precedents as not laying down a per se rule barring the doctrine's application against the IRS. *Id.* at 237. The United States has likely satisfied this factor in two different ways. The Bankruptcy Court ruled "in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue." *In re Cent. La. Grain Co-op., Inc.*, 489 B.R. at 412 (quoting *In re Hallwood*, 2013 WL 524418, at *3). No court of appeals has said the doctrine applies against the IRS, but several have held it does not. Further, the circuits may be in "dispute on the question" and the Fifth Circuit has not "spoken on the point." *Id.*

Third, an interlocutory appeal here would materially advance the ultimate termination of the litigation. The underlying litigation is the adversary proceeding initiated by the Trustee seeking the marshaling order against the IRS. ECF No. 1-8 at 11. As noted, "the issue of whether an interlocutory appeal involves a controlling question of law [is] 'closely tied' to the requirement that the appeal will materially advance the ultimate termination of the litigation." *Flowserve Corp.*, 444 F. Supp. 2d at 723. Because the Trustee seeks a marshaling order to be applied against the IRS, an appeal to decide whether marshaling can be applied against the IRS would materially advance the ultimate termination of the underlying litigation. In fact, reversing the Bankruptcy Court would terminate the litigation entirely without

undergoing additional proceedings and potentially trial. The United States has met its burden to satisfy the third requirement to grant leave for an interlocutory appeal of a bankruptcy court order.

CONCLUSION

Accordingly, the Court **GRANTS** the Motion for Leave to Appeal the Bankruptcy Court's Order Denying United States' Motion for Partial Summary Judgment because the Court finds the United States satisfied its burden under 28 U.S.C. § 158(a)(3) and the factors governing interlocutory appeals under 28 U.S.C. § 1292(b).

**SO ORDERED**.

September 16, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE